**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**MICHAEL XYDAS,**

    **Plaintiff,**

**v.**                                         **Case No.  3:25-cv-2207-TKW-ZCB**

**AK89 L.L.C.** d/b/a Rock N Roll Sushi**,**

    **Defendant.**

                                                /

## <u>ORDER</u>

The magistrate judge issued a Report and Recommendation (R&R) (Doc. 24) recommending that judgment be entered against Defendant in the amount of $2,722.70 and finding that Plaintiff is entitled to an award of reasonable attorney's fees under 29 U.S.C. §216(b).  In response to the R&R, Defendant's owner, former defendant Amy Bosen, submitted a letter (Doc. 25) attaching a check made out to Plaintiff in the amount set forth in the R&R[1] and requesting that "attorney's fees not be assessed against [her]."

Ms. Bosen's letter cannot be treated as an objection to the R&R on behalf of the Defendant because Defendant is an LLC and artificial business entities like LLCs can only appear in federal court through a licensed attorney.  *See Palazzo v. Gulf Oil*

---

[1]  The check preemptively satisfies the judgment that will be entered based on the Court's adoption of the R&R in this Order.

*Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Alternative Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021); Doc. 21.  However, even if Ms. Bosen's letter could be considered as an objection to the R&R's determination that Plaintiff is entitled to an award of reasonable attorney's fees, the objection would be overruled because "Section 216(b) of the [Fair Labor Standards] Act makes fee awards <u>mandatory</u> for prevailing plaintiffs."  *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (emphasis added).

That said, in determining the amount of the fee award, courts have discretion to determine that a reasonable fee is $0 if circumstances warrant.  *See Shayers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009).  A $0 fee is the rare exception, rather than the rule, and it premature to determine whether the fee award in this case should be $0 or something more.  That determination will be made by the magistrate judge in the first instance if Plaintiff files a fee motion under Local Rule 54.1(E).

Accordingly, it is **ORDERED** that:

1.      The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2.      The Clerk shall enter a default judgment stating: Plaintiff, Michael Xydas, shall recover from Defendant, AK89 L.L.C. d/b/a Rock N Roll Sushi, a total of $2,722.70.

3.    Ms. Bosen shall send the check attached to her letter to Plaintiff's attorney if she has not done so already.

4.    Plaintiff is the prevailing party in this case and is entitled to recover reasonable attorney's fees and costs from Defendant[2] under 29 U.S.C. §216(b). Costs will be determined under Local Rule 54.2 and the amount of attorney's fees will be determined under Local Rule 54.1(E)–(G).

5.    The Clerk shall send a copy of this Order to Ms. Bosen at the address contained in her letter.

**DONE AND ORDERED** this 1st day of June, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Ms. Bosen's letter requested that fees not be imposed against her, but because she is no longer a party to this case, any fee award will be against Defendant, not her.